Michele R. Stafford, Esq. (SBN 172509)
Matthew P. Minser, Esq. (SBN 296344)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Bay Parkway, Suite 100
Alameda, CA 94502
Telephone: (510) 906-4710
Email: mstafford@sjlawcorp.com
Email: mminser@sjlawcorp.com

Attorneys for Plaintiffs, District Council 16
Northern California Health and Welfare Trust Fund, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, and its JOINT BOARD OF TRUSTEES; CHRIS CHRISTOPHERSEN and JOHN MAGGIORE, Trustees;<br><br>NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION TRUST FUND, and its JOINT BOARD OF TRUSTEES; CHRIS CHRISTOPHERSEN and CHRIS BAGATELOS, Trustees;<br><br>NORTHERN CALIFORNIA GLAZIERS INDIVIDUAL ACCOUNT RETIREMENT TRUST FUND; and its JOINT BOARDS OF TRUSTEES; CHRIS CHRISTOPHERSEN and CHRIS BAGATELOS, Trustees;<br><br>DISTRICT COUNCIL 16 NORTHERN CALIFORNIA JOURNEYMAN AND APPRENTICE TRAINING TRUST FUND, and its JOINT BOARD OF TRUSTEES; CHRIS CHRISTOPHERSEN and MARIAN BOURBOULIS, Trustees;<br><br>I.U.P.A.T. UNION AND INDUSTRY NATIONAL PENSION FUND, and its JOINT BOARD OF TRUSTEES; KENNETH RIGMAIDEN, Trustee; and<br><br>DISTRICT COUNCIL NO. 16 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, | Case No.<br><br>**COMPLAINT** |

1

|   |   |
|---|---|
| | Plaintiffs, |
| | v. |
| | THE WRIGHT SOLUTION, LLC, a California Limited Liability Company; WRIGHT AND MARFIA, INC., a California Corporation, dba THE WRIGHT SOLUTION DOORS |
| | Defendants. |

Parties

1. The District Council 16 Northern California Health and Welfare Trust Fund ("Health Fund"); Northern California Glaziers, Architectural Metal and Glass Workers Pension Trust Fund ("Pension Fund"); Northern California Glaziers Individual Account Retirement Trust Fund ("IARP Fund"); District Council 16 Northern California Journeyman and Apprentice Training Trust Fund ("Apprentice Fund"); and the IUPAT Union and Industry National Pension Fund ("National Fund") are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). Chris Christophersen and Chris Bagatelos are Trustees, and fiduciaries, of the Pension Fund and the IARP Fund. Chris Christophersen and John Maggiore are Trustees, and fiduciaries, of the Health Fund. Chris Christophersen and Marian Bourboulis are Trustees, and fiduciaries, of the Apprentice Fund. Kenneth Rigmaiden is a Trustee, and fiduciary, of the National Fund. The Pension Fund, Health Fund, IARP Fund, Apprentice Fund, National Fund, and their respective Trustees and fiduciaries, are collectively referred to herein as "ERISA Plaintiffs" or "Plaintiffs."

2. District Council No. 16 of the International Union of Painters and Allied Trades ("Union") is a labor organization as defined in § 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5) and is represented by counsel herein for the limited purpose of collecting union dues owing as part of the subject contribution claims of ERISA Plaintiffs, and not for any other cause of action. The Union expressly reserves its rights to pursue any other cause of action on its own behalf.

3. Defendants THE WRIGHT SOLUTION, LLC, a California Limited Liability Company; WRIGHT AND MARFIA, INC., a California Corporation, dba THE WRIGHT SOLUTION DOORS

("Defendants"), are employers by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

## Jurisdiction

4. Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

5. Jurisdiction exists in this Court over all the claims by virtue of the Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and conditions of a valid Bargaining Agreement.

6. To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

## Venue

7. Venue is conferred upon this Court by § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at their principal place of business in Dublin, California. Thus, jurisdiction and venue are properly grounded with this Court.

8. Venue exists in this Court with respect to the claims under LMRA § 301, 29 U.S.C. § 185, as this Court has jurisdiction over the parties, as the Union maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

## Intradistrict Assignment

9. The basis for assignment of this action to this Court's Oakland Division is that all of the

events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where ERISA Plaintiffs' Funds and the Bargained Plans are administered, and where Defendants therefore failed to fulfill their statutory and contractual obligations to Plaintiffs.

<u>Bargaining Agreement</u>

10. John Marfia, on behalf of The Wright Solution LLC executed the Sacramento Area Addendum to the Northern California Glaziers Master Agreement wherein the signatory agreed to abide by the terms of the Northern California Glaziers Master Agreement ("Bargaining Agreement") between the Union and the Northern California Glass Management Association, requiring employer contributions to Plaintiffs' ERISA Funds, to the Union for union dues, and to the other plans more fully described in the Bargaining Agreement. Plaintiffs are third party beneficiaries of the Bargaining Agreement.

11. Section C.1. of the Bargaining Agreement provides the following:

> If the Employer performs on site construction work of the type covered by this Agreement, under its own name or the name of another, as a corporation, company, partnership, or other business entity, including a joint venture, wherein the Employer, through its officers, directors, partners, owners, or stockholders exercises directly or indirectly (through family members or otherwise) management, control, or majority ownership, the terms and conditions of this Agreement shall be applicable to all such work.

12. Section D.1. of the Bargaining Agreement states that it shall be binding on the "successors, administrators, executors, and assigns" of the signing parties. Based on Sections C.1 and D.1 of the Bargaining Agreement, Defendant(s) Wright And Marfia, Inc., a California Corporation, dba The Wright Solution Doors is bound by its terms.

13. Under the terms of the Bargaining Agreement, Plaintiffs' Trustees are authorized to collect monies due by Defendants to the following plans: the IUPAT Finishing Trades Institute, the IUPAT Labor-Management Cooperation Initiative, the Work Preservation Fund, the Skills, Safety, Supervisor & Survival Training Awards Recognition (STAR) Program, Inc., the Northern California Glass Management Association Industry Fund, and the IUPAT Political Action Together-Political Committee (collectively referred to herein as the "Bargained Plans").

14. Under the Bargaining Agreement and the governing documents of ERISA Plaintiffs (the "Trust Agreements"), which are incorporated into the Bargaining Agreement and made binding on

**COMPLAINT**
Case No.                                                                                    P:\CLIENTS\GLACL\The Wright Solution\Pleadings\Complaint 100518.docx

Defendants, Defendants are required to regularly pay to ERISA Plaintiffs, the Bargained Plans, and the Union, certain sums of money, the amounts of which are determined by the hours worked by Defendants' employees. Contributions are due on the fifteenth (15th) day of the month following the month hours were worked, and considered delinquent if not received by the last day of that month. Defendants are also required, pursuant to the Bargaining and Trust Agreements, to pay liquidated damages in the amount of ten percent (10%) for each delinquent contribution, but in the amount of twenty percent (20%) for each delinquent contribution which is the subject of litigation. Moreover, the Bargaining and Trust Agreements provide that interest accrues on delinquent contributions at the rates reasonably set by the Trustees from the day contributions become delinquent, which is the first (1st) day of the month following the month in which payment was due, until paid.

15. The Bargaining Agreement further requires Defendants to maintain time records or time cards, and to submit any and all relevant records to Plaintiffs for examination to determine whether Defendants are making full and prompt payment of all sums required to be paid by them to Plaintiffs. Should an audit of Defendants' records reveal Defendants have failed to provide full and prompt payment of all sums due, Defendants must reimburse Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

Factual Allegations

16. Defendants have failed and refused to comply with an audit of their records for the period from September 1, 2015 through the present.

17. Defendants have failed and refused to pay contributions reported as due and/or failed to report contributions due for the periods from March 2017 through May 2017 and March 2018 through August 2018. September contributions are due on or before the 15th of October and will be delinquent if not received by the last day of October. Liquidated damages and interest have been incurred and are owed to Plaintiffs for the unpaid contributions for these periods.

18. Plaintiffs are also entitled to recover any and all contributions, and all liquidated damages and interest on delinquent contributions, found due on timecards, audit, or otherwise including estimated contributions for months Defendants failed to report to Plaintiffs, through the time of Judgment.

Plaintiffs reserve the right to conduct a further audit to determine whether there are any additional amounts due from Defendants.

### FIRST CAUSE OF ACTION
### For Audit Compliance, Payment of Delinquent Contributions, Interest, Liquidated Damages, Attorneys' Fees and Costs Against Defendants

19. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 19, above.

20. Defendants have a contractual duty to timely pay the required contributions to Plaintiffs and the Bargained Plans, and to timely pay dues to the Union, pursuant to the Bargaining Agreement and Trust Agreements. Defendants also have a contractual duty under the Bargaining Agreement, and Trust Agreements incorporated therein, to permit an audit of their records to determine whether they are making full and prompt payment of all sums required to be paid by them to Plaintiffs, and to pay Plaintiffs all amounts found due as a result of an audit, including audit fees.

21. In addition, Defendants have a statutory duty to timely make the required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

22. By refusing to permit an audit of their records and failing to make the required payments to Plaintiffs, Defendants breached the Bargaining Agreement and are in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

23. Defendants' failure and refusal to permit the audit and to pay the required contributions was at all times, and still is, willful. Defendants continue to breach the Bargaining Agreements, and incorporated Trust Agreements, by failing to permit the audit and pay all amounts owed as alleged. Said refusal is unjustified and done with knowledge and intent.

24. ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendants are ordered specifically to perform all obligations required on Defendants' part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining and Trust Agreements, and are restrained from continuing to refuse to perform as required thereunder.

25. This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the possibility

1  that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries. The balance of

2  hardships and advancement of public interest favor ERISA Plaintiffs.

3       26.    This Complaint does not in any manner relate to statutory withdrawal liability that may or

4  may not be assessed against Defendants. ERISA Plaintiffs expressly reserve the right to pursue any such

5  withdrawal liability claims against Defendants as provided by ERISA Plaintiffs' Plan Documents, Trust

6  Agreements, and the law.

Prayer

8      WHEREFORE, Plaintiffs pray as follows:

9      1.    For an order,

10        (a)    requiring that Defendants comply with their obligations to Plaintiffs under the

11 terms of the Bargaining Agreements and the Trust Agreements, including permitting an audit of their

12 records as requested by Plaintiffs;

13        (b)    enjoining Defendants from violating the terms of those documents and of ERISA;

14 and

15        (c)    enjoining Defendants from disposing of any assets until said terms have been

16 complied with, and from continuation or operation of Defendants' business until said terms have been

17 complied with.

18     2.    For a judgment against Defendants as follows:

19        (a)    Any unpaid contributions, due at time of Judgment, including those determined

20 as due by audit, timecards, or otherwise, including estimated contributions for any months Defendants

21 fail to report to Plaintiffs pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

22          i.    To ERISA Plaintiffs and the Bargained Plans, in accordance with ERISA

23 § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreements;

24          ii.    To the Union in accordance with the Bargaining Agreements.

25        (b)    Liquidated damages on all late-paid and unpaid contributions in an amount

26 provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA

27 § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

28

**COMPLAINT**
**Case No.**                                                         P:\CLIENTS\GLACL\The Wright Solution\Pleadings\Complaint 100518.docx

    (c) Interest on all late-paid and unpaid contributions at the rates set in accordance with the Bargaining Agreements, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B).

  3. Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreements for all Bargained Plans; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

  4. That the Court retain jurisdiction of this case pending compliance with its orders.

  5. For such other and further relief as the Court may deem just and proper.

DATED: October 5, 2018      SALTZMAN & JOHNSON LAW CORPORATION

            By: /S/
              Michele R. Stafford
              Attorneys for District Council 16 Northern California Health and Welfare Trust Fund, et al.

**COMPLAINT**
**Case No.**                    P:\CLIENTS\GLACL\The Wright Solution\Pleadings\Complaint 100518.docx